IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DENNIS A. DUNHAM, | ) | No. C 04-2739 MMC (PR) |
| | ) | |
| Petitioner, | ) | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT P. RAWERS, | ) | (Docket No. 4) |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner is a prisoner who filed this pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss the petition as untimely; petitioner has filed an opposition, and respondent has filed a reply.

**BACKGROUND**

In 1998, a jury in Alameda County Superior Court found petitioner guilty of second degree murder, and the trial court sentenced him to a term of imprisonment of fifteen years to life. On July 24, 2000, the California Court of Appeal affirmed the conviction, and on September 27, 2000, the Supreme Court of California denied the petition for review. On December 2, 2002, petitioner filed a habeas petition in the Superior Court, which was denied the same day. On January 9, 2003, petitioner filed a habeas petition in the California Court of Appeal, which was denied on January 15, 2003. On February 20, 2003, petitioner filed a

habeas petition in the Supreme Court of California, which was denied on December 23, 2003. Petitioner thereafter filed the instant petition in the Eastern District of California, after which it was transferred to this district.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences now must be filed within one year from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1]

Here, the state courts' direct review of petitioner's conviction and sentence ended on September 27, 2000, when the Supreme Court of California denied the petition for review. However, the "time for seeking" direct review under 28 U.S.C. § 2244(d)(1)(A) includes the ninety-day period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court under Supreme Court Rule 13, whether or not the petitioner actually files such a petition. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). As a result, petitioner's "time for seeking" direct review expired, and the one-year limitations period for filing a federal habeas petition began, on December 27, 2000, ninety days after September 27, 2000. One year later, on December 27, 2001, the limitations period expired. The instant petition is deemed filed in federal court on June 8, 2004,[2] nearly two and a half years later. Consequently, absent tolling, the instant petition is untimely.

Although the one-year limitations period may be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," see 28 U.S.C. § 2244(d)(2), petitioner's first state

---

[1] In rare instances, not presented by the instant petition, the limitations period may run from a date later than the date on which the judgment became final. See U.S.C. § 2244(d)(1)(B)-(D).

[2] See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001) (deeming pro se federal habeas petition filed when prisoner signs petition and presumably gives it to prison authorities for mailing).

2

habeas petition was not filed until December 2, 2002, nearly one year after the limitations period had expired. Because petitioner's first application for post-conviction or other collateral review was filed in the state courts after the limitations period had already expired, petitioner is not entitled to tolling pursuant to § 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

The one-year limitations period can be equitably tolled if "extraordinary circumstance beyond a prisoner's control make it impossible to file a petition on time." See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997). Here, petitioner states he did not file the instant petition on time because he did not know about the limitation period. Petitioner's ignorance of the limitations period does not in and of itself constitute a ground for equitable tolling, however. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); Felder v. Johnson, 204 F.3d 168, 171-72 & n.10 (5th Cir. 2000); cf. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (holding illiteracy of pro se petitioner not sufficient cause to avoid procedural bar). Petitioner also states that he contacted various legal organizations, seeking representation on his petition, and that one of those organizations told him there was no specific deadline for filing a habeas petition. Such incorrect advice from an attorney does not warrant equitable tolling. See Frye v. Hickman, 2 F.3d 1144, 1146 (9th Cir. 2001) (holding, in noncapital cases, attorney's miscalculation of limitations period and negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling). In any event, a review of the correspondence from the organization in question reveals that counsel was referring to the absence of a deadline for filing a habeas petition in the state courts, not the federal courts, and there is nothing to indicate this advice was inaccurate.[3] See Opp. Exh. 2.

Petitioner further states he did not file the petition on time because it was not until December 2000 that he retrieved, from a relative's house, "evidence" he wanted to use in

---

[3] The Court notes that the organization nonetheless advised petitioner, in August 2000, to file his state petition "as soon as possible," but that petitioner thereafter waited more than two years to do so.

support of the claims in his petition.[4] Petitioner's failure to obtain in timely fashion the materials he needed does not constitute the kind of "external force" beyond his control that would render the timely filing of his habeas petition impossible. See Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."). Moreover, after receiving the "evidence," petitioner waited two more years, until December 2002, before pursuing his claims in a state petition.

Finally, petitioner states that he did not have time to prepare the petition because he chose to participate in "programs" offered to inmates by the prison. Petitioner's decision to allocate his time to prison programs as opposed to the preparation of his petition likewise is not an "external force" that prevented his timely filing of the petition.

In sum, none of the reasons submitted by petitioner constitutes a basis for tolling the limitations period. As a result, the petition must be dismissed as untimely.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss is GRANTED and the petition for a writ of habeas corpus is DISMISSED.

The Clerk shall close the file and terminate Docket No. 4.

IT IS SO ORDERED.

DATED: August 25, 2005

MAXINE M. CHESNEY
United States District Judge

---

[4] Petitioner does not state he was unaware of these claims earlier; indeed, he states that earlier he had tried, unsuccessfully, to persuade appellate counsel to bring these claims.